# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SF 2402 LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>B.F.B., INC. d/b/a BRADFORD FOX BUILDERS AND DOES 1 THROUGH 10,<br><br>                    Defendants. | Case No.:  3:21-cv-00906-BEN-JLB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY THE PROCEEDINGS**<br><br>**[ECF No. 5]** |

## I.    INTRODUCTION

SF 2402 LLC ("Plaintiff") brings this action against B.F.B., Inc. d/b/a Bradford Fox Builders ("Defendant") for breach of contract, breach of the implied warranty of good faith and fair dealing, breach of an express warranty, and negligence.  Complaint, ECF No. 1 ("Compl.") at 1 ¶ 1.

Before the Court is Defendant's Motion to Compel Arbitration and Stay the Proceedings ("the Motion").  ECF No. 5.  The Motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure.  ECF No. 7.  After considering the papers submitted, supporting documentation, and applicable law, the Court denies Defendant's Motion to Compel Arbitration and consequently denies the Motion to Stay as moot.

## II.    **BACKGROUND**

### A.    **Statement of Facts**[1]

On February 13, 2020, Plaintiff and Defendant entered into a Cost Plus Percentage Agreement (the "Agreement") where Defendant agreed to provide construction and remodeling work to Plaintiff's property.  Compl., ECF No. 1 at 3 ¶ 11.[2]  Page eight of the Agreement contained a section entitled "Dispute Resolution and Arbitration" with lines for each party to initial under the section.  Agreement, ECF No. 1 at 8, § 11.  Neither Plaintiff nor Defendant initialed this provision, although all other provisions in the agreement with a spot for initials were initialed.  *Id.*  The actual provision itself (the "Arbitration Provision") requires arbitration of any dispute arising under the Agreement as follows:

> **PARTIES UNDERSTAND THAT THIS PARAGRAPH MAY CHANGE THEIR LEGAL RIGHTS AND REMEDIES UNDER THE LAW**.
>
> The parties, in good faith, agree to attempt to resolve any dispute arising from this agreement, whether in contract or in tort, informally or pursuant to Right to Repair Act, California Civil Code §§ 895 - 945.5, if applicable. If parties are unable to resolve the matter informally and the matter is outside the jurisdiction of Small Claims Court, at the option of the first to commence an arbitration, the arbitration shall be administered either by the American Arbitration Association under its construction arbitration rules or by JAMS under its Streamlined Arbitration Rules and Procedures. Judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof. This Agreement so to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in any court having jurisdiction thereof. Administrative fees as described by the American

---

[1]    The majority of the facts set forth are taken from the Complaint, and for purposes of ruling on Defendant's Motion to Compel Arbitration and Motion to Stay, the Court assumes the truth of the allegations pled and liberally construes all plausible allegations in favor of the non-moving party.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Additional facts were also taken from the moving papers.  ECF Nos. 5, 6, 7.

[2]    Unless otherwise indicated, all page number references are to the ECF generated page number contained in the header of each ECF-filed document.

Arbitration Association or JAMS shall be advanced one half by each party.

The prevailing party in any dispute shall be entitled to its reasonable costs including attorney's fees.

*Id.*

A dispute between the parties regarding the work Defendant provided to Plaintiff under the Agreement led to the current litigation.

### B.   Procedural History

Plaintiff filed suit against Defendant on May 12, 2021 stating four causes of action: (1) breach of contract, (2) breach of the implied warranty of good faith and fair dealing, (3) breach of express warranty, and (4) negligence.  Compl. at 5-8 ¶¶ 22-43.  On August 3, 2021, Defendant filed this Motion to Compel Arbitration and Stay the Proceedings. Mot.  Plaintiff filed a Response in Opposition on August 30, 2021, Opposition, ECF No. 6 ("Oppo."), and Defendant filed a reply on September 3, 2021, Reply, ECF No. 7.

## III.   LEGAL STANDARD

### A.   Motion to Compel Arbitration

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of a contract."  9 U.S.C. § 2.  "Once the court has determined that an arbitration agreement relates to a transaction involving interstate commerce, thereby falling under the FAA, the court's only role is to determine [1] whether a valid arbitration agreement exists and [2] whether the scope of the dispute falls within that agreement."  *Ramirez v. Cintas Corp.*, No. C 04-00281 JSW, 2005 WL 2894628, at *3 (N.D. Cal. Nov. 2, 2005) (citing 9 U.S.C. § 4; *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).

### B.   Motion to Stay

Where a plaintiff files suit "in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for . . . arbitration, the court in which such suit is pending, upon being satisfied that the issue . . . is referable to

arbitration . . . shall on application of one of the parties stay the trial of the action until such arbitration." 9 U.S.C. § 3.  A stay may be granted pending the outcome of other legal proceedings related to the case in the interests of judicial economy.  *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).  Discretion to stay a case is appropriately exercised when the resolution of another matter will have a direct impact on the issues before the court, thereby substantially simplifying the issues presented.  *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).

## IV.   **DISCUSSION**

In its Complaint, Plaintiff asserted the Arbitration Provision was "not applicable, valid or enforceable" because neither party initialed it.  Compl. at 4, ¶ 16.  However, Defendant argues the Arbitration Provision is valid and enforceable because the parties' failure to sign that specific provision does not negate their intent to arbitrate any claims arising under the Agreement.  Mot. at 5:20-21.  Rather, Defendant asserts the parties' initials throughout the Agreement and signatures at the end of the Agreement demonstrate that the parties assented to all of the Agreement's terms, including the Arbitration Provision.  *Id.* at 6:19-23.  Further, Defendant contends Plaintiff's claims are arbitrable because they are within the scope of the Arbitration Provision.  *Id.* at 4:16-17.

Plaintiff responds that the fact that the parties' did not initial the Arbitration Provision demonstrates their intent not to be bound by that specific provision, and further, Plaintiff contends Defendant did not meet its burden of proof to demonstrate the parties intended otherwise.  Oppo. at 1:4-13.  Plaintiff also points out that it previously initiated arbitration proceedings with Defendant, and at that time Defendant's prior counsel indicated he believed the Arbitration Provision was invalid because the parties had not initialed it.  *Id.* at 4:2-7.  Plaintiff states it ultimately agreed and requested the arbitration proceedings to be withdrawn.  *Id.* at 4:8-15.  In its Reply, Defendant argues only the parties' objective intentions, as evidenced by the Agreement, are relevant.  Reply at 3:27-4:1-2.  Defendant also contends that the Arbitration Provision is conspicuous and

-4-

that Plaintiff's prior initiation of arbitration pursuant to the Agreement indicates Plaintiff believed the Arbitration Provision to be valid. *Id.* at 4:8-10. The Court has considered both parties' arguments and, as outlined below, the Court finds the Arbitration Provision in the Agreement does not constitute a valid agreement to arbitrate. Accordingly, it is unnecessary for the Court to analyze whether the Arbitration Provision encompasses the Plaintiff's claims.

### A.   Jurisdiction

Where an action has already been filed, the FAA allows a party aggrieved by another party's failure to arbitrate pursuant to a valid arbitration agreement to bring a motion to compel arbitration "in any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action . . . of the subject matter arising out of the controversy between the parties." 9 U.S.C. § 4. Plaintiff filed suit in this Court under diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff is a limited liability company existing under the laws of Delaware with all of its members residing in Florida, while Defendant is incorporated in California and has its principal place of business in California. Compl. at 2, ¶¶ 2-4. Additionally, Plaintiff's prayer for relief includes damages "in an amount no less than $250,000." *Id.* at 9, ¶ 1. Defendant does not contest Plaintiff's allegations of citizenship or the amount in controversy. Thus, both the diversity of citizenship and amount in controversy requirements are met under 28 U.S.C. Section 1332, and this Court has jurisdiction to determine this motion.

### B.   Governing Law

#### 1.   *Federal Arbitration Act*

The FAA provides that once a defendant files a motion to compel arbitration, a district court must "hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue . . . shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. It "reflects both a 'liberal federal policy favoring arbitration' . . . and the 'fundamental principle that arbitration is a matter of contract.'" *Kramer v.*

*Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)).  The district court's role in ruling on a motion to compel arbitration is "limited to determining (1) whether a valid agreement to arbitrate exists[,] and if it does, (2) whether the agreement encompasses the dispute at issue." *Revitch v. DIRECTV, LLC*, 977 F.3d 713, 716 (9th Cir. 2020) (applying California contract law).  Only if the court answers both questions in the affirmative will the FAA require the Court "to enforce the terms of the arbitration agreement in accordance with its terms." *Id.*  Here, regarding the second prong of the Court's role, Defendant asserts Plaintiff's claims fall within the scope of the Agreement's Arbitration Provision. Motion at 4:16-17.  Plaintiff does not dispute this point.

## 2. *State of California Contract Law*

Federal substantive law governs the scope of an arbitration agreement.  *Kramer*, 705 F.3d at 1126.  "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.,* 207 F.3d 1126, 1131 (9th Cir. 2000).

State contract law, on the other hand, governs issues pertaining to the validity, revocability, and enforceability of an agreement to arbitrate.  *See, e.g.*, *Revitch*, 977 F.3d at 716-17 (applying California contract law to a wireless services agreement because the agreement's choice-of-law provision states that the contract is governed by the law of the state in which the customer's billing address is located, and the customer resided in California).  In the present case, the Agreement states "[t]his Agreement shall be interpreted according to the laws of the State of California…." Agreement, at 9 § 12.7.  Therefore, the Court applies federal substantive law to the scope of the Agreement, and California contract law to the enforceability of the agreement itself.

### C.    The Agreement to Arbitrate is Invalid

"Under California law, a contract is formed when there are (1) parties capable of contracting, (2) mutual consent, (3) a lawful object, and (4) sufficient cause or consideration." *Grimes v. New Century Mortg. Corp.*, 340 F.3d 1007, 1011 (9th Cir. 2003) (citing CAL. CIV. CODE § 1550). "The consent of the parties to a contract must be: (1) [f]ree; (2) [m]utual; and, (3) [c]ommunicated by each to the other." CAL. CIV. CODE § 1565. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

In this case, Plaintiff argues the Arbitration Provision of the Agreement is unenforceable because it was not initialed by either of the parties, which demonstrates the parties' intent not to be bound by the Arbitration Provision. Oppo. at 6:14-17. Plaintiff further contends that the parties' absence of initials by the provision defeats mutual consent to the Arbitration Provision and, therefore, that public policy favors resolving this dispute in this Court. *Id.* at 10:2-5. Thus, Plaintiff asserts Defendant has failed to show a valid agreement to arbitrate. *Id.* at 10:8. This Court agrees with Plaintiff's assertions that, because both parties did not initial the Arbitration Provision, there was no mutual consent, and thus, there is no valid agreement to arbitrate.

### a.    *The Agreement Indicates a Lack of Mutual Consent*

Courts determine mutual consent and the intention of the parties "from the written terms of the contract alone, so long as the contract language is clear and explicit and does not lead to absurd results." *Revitch*, 977 F.3d at 717 (internal quotations omitted); *see also* CAL. CIV. CODE § 1639 ("When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible."). Here, the Court finds mutual consent to the Arbitration Provision to be absent.

In *Millichap*, a contract for a real estate transaction contained an arbitration provision that was initialed by the buyers but was not initialed by the sellers. *Marcus &*

-7-

*Millichap Real Estate Inv. Brokerage Co. v. Hock Inv. Co*., 68 Cal. App. 4th 83, 85-86 (1998).   After the sellers moved to compel arbitration, the court in *Millichap* applied general California contract law to the case and found "the purchase agreement … contemplated that the arbitration of disputes provision would be effective only if both buyers and sellers assented to that provision.  Since the sellers did not assent to this provision the parties did not agree to binding arbitration." *Id.* at 91.  Therefore, the court found a valid arbitration agreement did not exist. *Id.*

Similarly, in *Juen*, the plaintiff hired the defendant to sell his home, and the listing agreement between them contained an arbitration provision that was initialed by the plaintiff, but left blank by the defendant.  *Juen v. Alain Pinel Realtors, Inc*., 32 Cal. App. 5th 972, 975-76 (2019).  After the plaintiff filed suit, the defendant moved to compel arbitration under the agreement.  *Id.* at 976.  The court in *Juen* reasoned " '[m]utual assent is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings.' " *Id.* at 982 (citing *Serafin v. Balco Properties Ltd., LLC,* 235 Cal. App. 4th 165, 173 (2015)).  The court applied this standard to the facts of *Juen* and concluded that the arbitration provision was not mutually assented to because the defendant had not initialed the agreement, and there was insufficient additional evidence to show that defendant intended to assent and be bound by that provision.

Applying these principles to the case at hand, this Court finds that the Arbitration Provision was not mutually consented to.  As a preliminary manner, the courts in both *Millichap* and *Juen* found that the arbitration provisions were not mutually consented to when only one party signed the provision. *See generally, Millichap,* 68 Cal. App. 4th; *Juen*, 32 Cal. App. 5th.  Here, neither party initialed the Arbitration Provision, which makes the absence of mutual consent in this case more clear-cut.

Additionally, the Agreement here is fourteen pages long and almost all of those fourteen pages have a block to be initialed (some of the pages have two initial blocks

under separate provisions).  However, of the fifteen spots to initial or sign the Agreement, only one block is not completed by both parties: the initial block under the Arbitration Provision.  There is also another spot for initials under a different provision that appears on the same page as the Arbitration Provision, which was initialed by both parties.  In considering the intention of the parties "from the written terms of the contract alone," it is highly unlikely that either party failed to initial the Arbitration Provision by accident considering there was another initial block on that very same page that was completed by both parties.[3]  *Revitch*, 977 F.3d at 717.  Given this, it is even more unlikely that *both* parties made that same mistake.  Therefore, the Court concludes "the reasonable meaning" of the omission of initials for this one specific provision is that the parties did not intend to be bound by the Arbitration Provision.  *Juen*, 32 Cal. App. 5th at 982 (citing *Serafin*, 235 Cal. App. 4th at 173).

However, Defendant argues "the parties fail[ure] to initial the Arbitration Provision does not negate their intent to arbitrate."  Mot. at 5 § C.  Defendant cites to two cases, *Basura* and *Martinez,* in support of this claim.  In *Basura*, the court found the absence of the defendant's signature on many of the arbitration agreements did not conclusively establish the agreements were unenforceable because each agreement was signed by the plaintiffs and the defendant signed many of them, which could indicate the defendant's intent to be bound.  *Basura v. U.S. Home Corp.,* 98 Cal. App. 4th 1205, 1216 (2002).  However, the court in *Basura* remanded the case for an evidentiary hearing on whether the defendant intended to be bound by the arbitration agreement.  *Id.* at 1216. The present case is distinguishable from *Basura* on two main grounds.  First, the Arbitration Provision here was not signed by either party, which means both parties' intent to be

---

[3]     Defendant argues the fact that Plaintiff initialed the same page the Arbitration Provision appears on actually demonstrates Plaintiff intended to submit any dispute under the Agreement to arbitration. Reply at 4:23-25. Conversely, this fact also supports the opposite conclusion that *both* parties intentionally did not sign the Arbitration Provision, and thus, expressly did not agree to arbitrate disputes arising under the Agreement.

bound – and not solely Defendant's – are at issue.  Second, unlike *Basura*, there is no evidence in the record that Defendant initialed the arbitration provisions of many other identical agreements to support an inference that Defendant intended to consent to the Arbitration Provision in the Agreement with Plaintiff.  *See generally Id.*  Therefore, *Basura* does not contradict a finding that the parties here did not intend to arbitrate disputes pursuant to the Arbitration Provision.

In *Martinez*, the court found an employment-related arbitration agreement was enforceable when neither party initialed a portion of the agreement concerning waiving their right to jury trial, but both parties signed the certification paragraph of the arbitration agreement.  *Martinez v. BaronHR, Inc.*, 51 Cal. App. 5th 962, 965 (2020). The court found the parties mutually consented to arbitration because "three separate terms of the agreement acknowledge in explicit and unmistakable language the parties' mutual intent to arbitrate all disputes . . . " and the parties had signed those other terms. *Id.* at 967.  Defendant argues this case is like *Martinez* because the parties initialed and signed other portions of the Agreement, which "demonstrates its terms were read and understood by all."  Mot at 6:19-20.  However, the present case stands in stark contrast to *Martinez* because, outside of the Arbitration Provision, the Agreement does not mention arbitration at all, much less in "explicit and unmistakable language."  *Id.*   The parties here may have agreed to other terms in the Agreement, but unlike *Martinez*, none of those initialed provisions indicate that the parties intended to arbitrate disputes arising under the Agreement.

Defendant also argues that, because the Arbitration Provision's heading was in bold, capitalized letters, this shows "[t]he Agreement itself unambiguously evidences the parties' intent to submit any dispute under the Agreement exclusively to arbitration." Reply at 4:13-24.  However, this argument could just as easily support the opposite conclusion that the Arbitration Provision was so conspicuous as to render it highly unlikely the parties' failure to sign was anything other than intentional.

Finally, both parties reference the fact that Plaintiff previously initiated an

arbitration proceeding with JAMS for this dispute, and Defendant contends this indicates Plaintiff believed the Arbitration Provision was valid.  Reply at 4:8-10.  As stated above, "[w]hen a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible." CAL. CIV. CODE § 1639.  However, the court in *Juen* also considered additional evidence of " 'outward manifestations or expressions of the parties' " demonstrating their intentions.  *Juen*, 32 Cal. App. 5th at 982 (citing *Serafin*, 235 Cal. App. 4th at 173).  Considering the additional evidence of intent here, the Court is unconvinced the Plaintiff's prior initiation of an arbitration rises to the level of demonstrating that the parties did in fact mutually consent to the Arbitration Provision.  Instead, the parties' back-and-forth regarding the proceeding seems to indicate confusion by both parties at different points in the proceedings regarding the validity of the Arbitration Provision.  Therefore, this additional evidence is insufficient to outweigh what the Agreement itself indicates: that the parties did not intend to be bound by the Arbitration Provision.

Based on the foregoing reasons, the Court is unpersuaded by Defendant's argument that the parties intended to arbitrate disputes under the Agreement despite their failure to initial the Arbitration Provision and finds the Agreement itself indicates that the parties did not intend to be bound by the Arbitration Provision.  Further, because the Court has determined that a valid agreement to arbitrate does not exist, the Court does not have to analyze "whether the [arbitration] agreement encompasses the dispute at issue." *Revitch v. DIRECTV, LLC*, 977 F.3d 713, 716 (9th Cir. 2020).

### D.   **Defendant's Motion to Stay the Case**

Defendant argues Section 3 of the USAA requires that a case be stayed until arbitration is completed if the motion to compel arbitration is granted. Mot. at 7:2-3.  As Defendant points out, the Court "upon being satisfied that the issue . . . *is referable to arbitration* . . . shall on application of one of the parties stay the trial of the action until such arbitration."  9 U.S.C. § 3.  Because the Motion to Compel Arbitration here is denied, and thus this case will not be subject to arbitration, the Motion to Stay is denied

as moot.

## V.     <u>CONCLUSION</u>

For the above reasons, the Court rules that Defendant's Motion to Compel Arbitration is **DENIED,** and, thus, Defendant's Motion to Stay is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED:    December 14, 2021

_____
**HON. ROGER T. BENITEZ**
United States District Judge

-12-