UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SF 2402 LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>B.F.B., INC., d/b/a BRADFORD FOX BUILDERS AND DOES 1 THROUGH 10,<br><br>　　　　　　　　　　Defendants. | Case No.: 21-CV-906-GPC<br><br>**ORDER GRANTING:**<br><br>**(1) GRANTING DEFENDANT/COUNTERCLAIMANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER [ECF No. 27];**<br><br>**(2) GRANTING DEFENDANT/COUNTERCLAIMANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED THIRD-PARTY COMPLAINT [ECF No. 28]; AND**<br><br>**(3) DIRECTING DEFENDANT/COUNTERCLAIMANT TO FILE THEIR AMENDED PLEADINGS ON OR BEFORE APRIL 20, 2022** |

/ /

/ /

## INTRODUCTION

Before the Court are two motions filed by Defendant/Counterclaimant Bradford Fox Builders (hereafter, "BFB"): (1) a motion for leave to file a first amended answer to Plaintiff/Counterclaim Defendant SF 2402's Complaint (ECF No. 27); and (2) a motion for leave to file a first amended third-party complaint (ECF No. 28). Plaintiff/Counterclaim-Defendant SF 2402 (hereafter "SF 2402") filed notices of non-opposition as to both motions by BFB. ECF Nos. 30, 31. For the reasons stated below, the Court hereby **GRANTS** BFB's motion for leave to amend its answer to SF 2402's complaint, and **GRANTS** BFB's motion for leave to amend its third-party complaint. The Court further finds that this matter is suitable for disposition without a motion hearing under Civil Local Rule 7.1(d)(1) and hereby **VACATES** the motion hearing set for May 13, 2022.

## DISCUSSION

BFB moves to amend its answer to the Complaint filed by Plaintiff/Counterclaim Defendant SF 2402 LLC, and moves to amend its third-party complaint under Federal Rule of Civil Procedure 15(a). ECF Nos. 27, 28. BFB has attached to each motion the amended pleadings it seeks to file.

Rule 15(a) provides, in pertinent part, that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In the Ninth Circuit, courts are instructed to grant leave to amend with "extreme liberality." *Morongo Valley Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also Hurn v. Retirement Fund Trust of the Plumbing heading and Piping Indus. Of Southern California*, 648 F.2d 1252, 1254 (9th Cir. 1981) ("The Supreme Court has instructed the lower federal courts to heed carefully the command of rule 15(a) [] by freely granting leave to amend when justice so requires."). To determine whether to grant leave to amend, the court looks to five factors: (1) undue delay, (2) bad faith), (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the party has previously

amended the pleading. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). In the analysis, "[n]ot all factors merit equal weight," and "prejudice to the opposing party . . . carries the greatest weight." *Eminence Capital, LLC v. Aspen, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see Genentech, Inc. v. Abbot Labs*, 127 F.R.D. 529, 530 (N.D. Cal. 1989) ("The single most important factor is whether prejudice will result to the nonmovant."). To that end, the party opposing an amendment is required to demonstrate the prejudice they expect to face as a result of any proposed amendment. *In re Circuit Breaker Litig.*, 175 F.R.D. 547, 551 (C.D. Cal. 1997).

Here, Plaintiff/Counterclaim-Defendant SF 2402 has filed notices of non-opposition to BFB's motions for leave to amend its pleadings. ECF Nos. 30, 31. Therefore, prejudice—the most significant factor in the Rule 15(a) analysis—is rendered moot. Indeed, SF 2402's notices essentially provide consent to BFB's motions. As to the remaining Rule 15(a) factors, the Court finds there is no indication of undue delay, bad faith, or futility. The proposed amended pleadings would be BFB's first amended answer, and the first amended third-party complaint, which indicates they have not abused Rule 15(a)'s liberal standard in this case by making numerous requests to amend.

BFB's proposed amended answer includes two new affirmative defenses, as described in their motion, and included in the proposed amended answer. ECF No. 27-1 at 3-4; *see* ECF No. 27-1 at 15-19 (Ex. A, Proposed Amended Answer). The proposed amended third-party complaint seeks to add eight new third-party defendants "that are responsible in whole or [i]n part for the acts, events, and circumstances" alleged in SF 2402's complaint and "BFB is informed and believes that any injuries and/or damages suffered by [SF 2402] were contributed to by the negligence or other fault of Third-Party Defendants" named in the amended complaint. ECF No. 28 at 2; ECF No. 28 at 5 (Ex. A, Proposed Third-Party Complaint).

Because SF 2402 consents to the amended pleadings proposed by BFB through the notices of non-opposition, and there is no indication that the amended pleadings run afoul of the Rule 15(a) factors, the Court hereby **GRANTS** BFB's motion to file a first

amended answer and **GRANTS** BFB's motion to file a first amended third-party complaint. The Court **ORDERS** that BFB file their amended pleadings, as they appear in the instant motions, on or before **April 20, 2022**.

    **IT IS SO ORDERED.**

Dated:  April 15, 2022

                                                 Hon. Gonzalo P. Curiel
                                                 United States District Judge