UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SF 2402 LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>B.F.B., INC. dba BRADFORD FOX BUILDERS AND DOES 1 THROUGH 10,<br><br>　　　　　　　　　Defendants.<br>―――――――――――――――<br>B.F.B., INC. dba BRADFORD FOX BUILDERS,<br><br>　　　　　　　　　Third-Party Plaintiff,<br><br>v.<br><br>ELECTRIC LEE, a California Corporation, et al.<br><br>　　　　　　　　　Third-Party Defendants. | Case No.: 21-cv-906-GPC-DDL<br><br>**ORDER DENYING DEFENDANT B.F.B., INC. d/b/a BRADFORD FOX BUILDERS' MOTION FOR PROTECTIVE ORDER**<br><br>**[Dkt. No. 75]** |

Before the Court is Defendant B.F.B., Inc. d/b/a Bradford Fox Builders' ("Defendant") Motion for Protective Order ("Motion"). Dkt. No. 75. Plaintiff SF 2402 LLC ("Plaintiff") opposes the Motion. Dkt. No. 76. The Court DENIES the Motion for the reasons set forth below.

/ / /

Defendant seeks a protective order under Federal Rule of Civil Procedure 26(c) to prevent Plaintiff from deposing a company designee under Rule 30(b)(6). Defendant's Motion largely rests on its assertion that a Rule 30(b)(6) deposition would be burdensome, cumulative, and duplicative because the two potential designees, Bradford Fox and Heidi Nielsen, have already been deposed in their individual capacities for an entire day, and were asked questions regarding topics that are contained in the Rule 30(b)(6) deposition notice. Plaintiff asserts that Rule 30(b)(6) depositions are permissible even where the corporate designee has previously been deposed in their individual capacity regarding subject matter within the scope of the Rule 30(b)(6) deposition notice.

"A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity." *Sabre v. First Dominion Capital, LLC*, No. 01CIV2145BSJHBP, 2001 WL 1590544 at *2 (S.D.N.Y. Dec. 12, 2001). The Rule 30(b)(6) deposition is "a separate deposition that probes the knowledge of the entity and not the personal knowledge of the individual testifying." *Id.* at *1.

"[C]ourts have rejected the argument that a Rule 30(b)(6) deposition is unnecessary or cumulative simply because individual deponents . . . have already testified about the topics noticed in the Rule 30(b)(6) deposition notice." *Louisiana Pac. Corp. v. Money Market 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012); *see Calvary Chapel San Jose v. Cody*, No. 20-cv-03794-BLF (VKD), 2022 WL 4099217 at *2 (N.D. Cal. Sept. 7, 2022) ("The mere fact that individual witnesses have testified regarding subject matter that is within the scope of the notice does not make the County's Rule 30(b)(6) deposition notice unreasonably duplicative.") As the court recognized in *Mitchell Eng'g v. City and Cnty. of San Francisco*, No. C 08-04022 SI, 2010 WL 455290 at *1 (N.D. Cal. Feb. 2, 2010), "[e]ven if the general topics to be addressed at the 30(b)(6) deposition will overlap to some extent, the questions asked and the answers given might not." Therefore, a protective order is only appropriate when there is evidence that a party

is misusing the Rule 30(b)(6) deposition to harass or unreasonably burden the opposing party, or to subject the opposing party to unreasonably burdensome, cumulative, or duplicative discovery. *See Louisiana Pac. Corp.*, 285 F.R.D. at 487.

The Court finds that a protective order is not appropriate under the circumstances presented here. Although some of the topics upon which Mr. Fox or Ms. Nielsen may testify as a Rule 30(b)(6) designee may overlap with their depositions in their individual capacities, Defendant has not established that the testimony will be unreasonably duplicative. Moreover, Plaintiff represents that the topics at the Rule 30(b)(6) deposition will include issues pertaining to the EMP Consultants report that were not covered at the individual deposition of Mr. Fox. Defendant contends that the topics pertaining to the EMP Consultants report are the subject of expert testimony; however, that is not a basis to preclude the deposition altogether, and this Order does not preclude Defendant from objecting on appropriate grounds to any deposition question.

For the foregoing reasons, the Motion for Protective Order is **DENIED**.

**IT IS SO ORDERED.**

Dated:  January 5, 2023

_____
Honorable David D. Leshner
United States Magistrate Judge